#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KELLY DON LEDFORD,**           ) | |
|                                   ) | |
|           **Petitioner,**    ) | |
|                                   ) | |
| **v.**                                   ) | **Case No. CIV-06-460-R** |
|                                   ) | |
| **JUSTIN JONES,**             ) | |
|                                   ) | |
|           **Respondent.**  ) | |

#### ORDER

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254, seeking writ of habeas corpus. Pursuant to 636(b)(1)( B), this matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On December 11, 2006, Judge Bacharach issued a Report and Recommendation, wherein he recommended that the petition for habeas corpus relief be denied. The matter is currently before the Court on Petitioner's objection to the Report and Recommendation. Having conducted a *de novo* review in light of Petitioner's objection, and for the reasons set forth herein, the Report and Recommendation is ADOPTED and the petition for a writ of habeas corpus is DENIED.

Petitioner is challenging his conviction and sentence on nine counts from the District Court of Grady County, Case No. CF-2000-6. The initial petition raised twelve grounds for relief and Judge Bacharach recommended that habeas corpus relief be denied on all grounds. In his objection Petitioner presents specific challenges to the Report and Recommendation with regard to two issues: the search of his automobile following his January 6, 2000 police pursuit and arrest and the information by which he was charged with, among other things,

assault and battery with a deadly weapon.  With regard to the remaining issues Petitioner does not present any specific substantive objection, asserting in a cursory manner that Judge Bacharach improperly recommended that his claims are procedurally barred and in failing to provide Petitioner with an evidentiary hearing.  Petitioner's objections to these portions of Judge Bacharach's recommendation are too vague to allow purposeful review. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

As noted above, In ground one Petitioner argued that he was denied his due process rights by virtue of an illegal search of his automobile.[1]  Petitioner argues that a .380 pistol, a police scanner, a white envelope containing two tablets of valium, a blue vile containing traces of methamphetamine and a small set of digital scales were improperly admitted into evidence at his trial.  Petitioner did not raise the issue during trial or on direct appeal to the Oklahoma Court of Criminal Appeals.  When Petitioner raised the issue in his applications for post-conviction relief the Oklahoma Court of Criminal Appeals refused to consider this claim, finding that he had not established that he had "newly discovered evidence" and further that he had failed to establish why the issue was inadequately raised in his first application for post-conviction relief.  The Report and Recommendation recommends that

---

[1] Actually Petitioner argues that his automobile was subject to multiple searches, some before and some after the car was impounded.  Petitioner contends that all of the items entered into evidence against him were inside a closed brown zipper gym bag locked inside the car's trunk.  This evidence is of course not new evidence, as it was part of Petitioner's trial testimony.  Tr. Vol. IV, p. 184.

habeas corpus relief be denied on this claim pursuant to *Stone v. Powell*. Judge Bacharach further noted that habeas corpus relief should be denied on the merits because the search of Petitioner's automobile was not illegal and therefore the contents of the automobile were properly introduced as evidence at Petitioner's trial.

A Fourth Amendment violation does not support federal habeas relief if the petitioner had a full and fair opportunity to litigate the issue in state court. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). The rule in *Stone* forecloses federal habeas relief even if the seizure of evidence violated a petitioner's Fourth Amendment rights: "Under *Stone*, habeas relief shall not be granted on the ground that the trial court admitted evidence obtained in violation of the Fourth Amendment despite the judicially-created exclusionary rule, provided that the defendant had an opportunity for full and fair litigation of the Fourth Amendment claim." *Smallwood v. Gibson*, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing *Stone*, 428 U.S. at 481-82). That opportunity may exist either at trial or on direct review. *Stone*, 428 U.S. at 494-95 n. 37 ("we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review").

As noted in the Report and Recommendation an accused has an "'[o]pportunity for full and fair consideration'" if he enjoys "the procedural opportunity to raise or otherwise present a Fourth Amendment" claim in state court." *Gamble v. State*, 583 F.2d 1161, 1165 (10th Cir. 1978).

[A] Fourth Amendment claim is *Stone*-barred, and thus unreviewable by a

> federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. We believe that our approach flows naturally from the language of *Stone*, which we have emphasized in this opinion, and from *Stone's* rationale.  As *Stone* makes clear, Fourth Amendment claims asserted by state prisoners in federal habeas petitions are to be treated differently from other constitutional claims because of the nature and purpose of the exclusionary rule and the incremental value gained from its implementation in the federal habeas situation compared with the costs it imposes upon the administration of justice. The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation.

*Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994).  Petitioner does not argue that he sought to suppress the evidence at trial or on direct appeal but that his efforts were thwarted by the state courts.  Rather, he contends that he was deprived of an opportunity to raise the issue because the prosecution "hid" evidence from him.  Petitioner argues that the State failed to produce copies of the search warrant, the affidavit used to secure the warrant, and the return of the warrant.  He also asserts that the State went so far as to file the affidavit and warrant under a different case number in an effort to preclude his discovery of those documents.[2]

*Stone* applies if Oklahoma law permitted Petitioner to challenge the search.  As noted by Judge Bacharach, Oklahoma law provides a criminal defendant with a method for challenging an allegedly unconstitutional search.  Accordingly, Petitioner's objection to this portion of Judge Bacharach's Report and Recommendation is without merit.

---

[2] Petitioner also asserts that newly discovered evidence, pictures taken by a newspaper photographer at the scene of the accident, indicate that the car was searched prior to the warrant being obtained.

Petitioner also objects to Judge Bacharach's determination that under Oklahoma law, an automobile can be a deadly weapon for purposes of a conviction under Okla. Stat. tit. 21 § 652. Petitioner relies upon cases that inform that an automobile may be a dangerous weapon under Okla. Stat. tit. 21 § 645, a lesser included offense of § 652. These cases, however, do not stand for the proposition that an automobile cannot be a deadly weapon under § 652. Petitioner has failed to establish that he is entitled to habeas corpus relief on this claim.

For the reasons set forth herein, the Report and Recommendation issued by Judge Bacharach on December 12, 2006 is ADOPTED IN ITS ENTIRETY and the petition for habeas corpus is hereby DENIED. Judgment shall be entered accordingly.

IT IS SO ORDERED THIS 6th day of February 2007.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE